IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:01cr70057-1 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| CHARLES LEE TORIAN, | ) | By: Norman K. Moon |
|     Petitioner. | ) | United States District Judge |

Charles Lee Torian, a federal inmate proceeding *pro se*, filed a "motion pursuant to Federal Rule of Criminal Procedure 36 for correction of a clerical error" which I construe as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Upon review of the record, however, I conclude that the § 2255 motion must be dismissed as an unauthorized, successive motion.

Torian challenges his convictions for various drug offenses and sentence of 300 months which I imposed by judgment entered April 29, 2002. Court records indicate that Torian previously filed a § 2255 motion regarding the same convictions and sentence, which I dismissed. *See* Civil Action No. 7:03cv00179. I may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria.[2] *See* § 2255(h). As Torian has not submitted any evidence of having obtained certification from the Court of Appeals to

---

[1] The "clerical error" to which Torian refers is that, during his criminal sentencing, I counted his prior state conviction for breaking and entering as a predicate offense in determining that Torian was a career offender. However, even if there was an error, such an error would not be subject to correction under Rule 36. *See, e.g.*, *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) ("A clerical error [subject to correction under Rule 36] must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." (internal quotation marks and alteration omitted)).

[2] I note that in *United States v. Hairston*, No. 12-8096, 2014 U.S. App. LEXIS 10846, 2014 WL 2600057 (4th Cir. June 11, 2014), the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." *Cf.* 28 US.C. § 2255(h). In the instant matter, however, there are no new facts upon which Torian is relying and, thus, *Hairston* is inapplicable.

file a second or successive § 2255 motion, I must dismiss his motion without prejudice as successive.[3]

     **ENTER**: This <u>13th</u> day of April, 2015.

                                        /s/ Norman K. Moon
                                        NORMAN K. MOON
                                        UNITED STATES DISTRICT JUDGE

---

[3] In fact, the Court of Appeals denied Torian's motion seeking authorization to file a second or successive motion under § 2255. *See In re: Charles Lee Torian,* No. 14-471 (4th Cir. Nov. 12, 2014). Torian is again advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Torian must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. 28 U.S.C. § 2244. A Fourth Circuit form and instructions for filing this motion are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St, Richmond, VA 23219.